UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT J. TURSKI,

        Plaintiff,

                                    Case No. 11-CV-13462
v.                                   HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

<u>ORDER ACCEPTING REPORT AND RECOMMENDATION (#15) DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#10) AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#13)</u>

On August 9, 2011, plaintiff filed a complaint for judicial review challenging the adverse decision of the Commissioner of Social Security. The matter was referred to Magistrate Judge Michelson. The parties filed cross-motions for summary judgment. On May 17, 2012, Magistrate Judge Michelson issued a report and recommendation on the cross-motions for summary judgment. In her report, Magistrate Judge Michelson recommends defendant's motion for summary judgment be granted and plaintiff's motion for summary judgment be denied. On May 31, 2012, plaintiff filed written objections to the report and recommendation. Defendant filed a response to the objections. Plaintiff asserts five objections.

First, plaintiff argues the report fails to address the fact that the continuing diagnosis of major depressive disorder with a global assessment functioning of 45 from 2007 through 2009 confirms the severity of plaintiff's psychiatric impairment prior to plaintiff's date last

insured.  Plaintiff argues the Commissioner should have considered the evidence of his condition after his date last insured to the extent that the evidence is relevant to his condition prior to the date last insured.  Magistrate Judge Michelson discussed plaintiff's GAF score and noted that the ALJ explained why she did not give it weight.  The ALJ explained that she was not persuaded by the low GAF score because the findings from plaintiff's mental status examination and his ability to perform daily activities show that he was not so limited prior to the date last insured.  The court agrees with Magistrate Judge Michelson's finding that substantial evidence supports this determination by the ALJ.

Second, plaintiff argues the ALJ erred in failing to include any psychiatric limitation, particularly deficits in concentration and inability to deal with work stress, in plaintiff's residual functional capacity.  As explained by Magistrate Judge Michelson, the ALJ's decision not to include these limitations in plaintiff's residual functional capacity is supported by substantial evidence.  The ALJ explained that she did not give therapist Kanaar's assessment regarding concentration and stress issues weight because those opinions were not made during the period at issue and are not supported by concomitant clinical findings.

Third, plaintiff objects to the treatment of plaintiff's treating therapist's opinion.  Plaintiff argues Kanaar's opinions are relevant to plaintiff's pre-date last insured condition because plaintiff received treatment continuously from 2006 through 2009.  As explained in defendant's response to plaintiff's objection, the ALJ did not disregard Kanaar's opinion.  Instead, the ALJ explained why she did not give significant weight to the therapist's opinion – it was rendered almost two years post-date last insured.  While plaintiff received treatment at the same clinic pre-date last insured, it does not show that plaintiff's condition

during the relevant period was the same as it was when Kanaar rendered his opinion or that Kanaar's opinion contemplated an earlier period of treatment. Kanaar did not begin treating plaintiff until January 2008. The ALJ did not err in determining the remote opinion of disability was not relevant to the period at issue.

Plaintiff also objects to the ALJ's statement that Kanaar's opinion is not supported by "concomitant clinical findings." However, substantial evidence supports the ALJ's assignment of little weight to Kanaar's opinion. The opinion was not only lacking in time relevance, as discussed above, but also in supportability and consistency with the evidence from the relevant period. The August 2006 consultative examination findings by Wale, indicating a relatively unremarkable mental status examination, and plaintiff's reported daily activities support the ALJ's finding.

Plaintiff also argues the treating source rule was not properly applied to Kanaar's opinion. Magistrate Judge Michelson properly noted that the ALJ's consideration of Kanaar's opinion complies with SSR 06-03p. SSR 06-03p provides that opinions from "other sources" should be analyzed under the factors identified, including "[h]ow long the source has known and how frequently the source has seen the individual" and "[h]ow consistent the opinion is with other evidence." The ALJ considered those factors in determining how much weight to give Kanaar's opinion and determined the opinion was too remote and unsupported by concomitant clinical findings.

Fourth, plaintiff argues the report fails "to address Plaintiff's entire history of coronary artery disease continuing prior to the date last insured and for several years thereafter through the ALJ hearing." After noting the report states plaintiff was "doing better" following the November 2005 bypass, plaintiff argues his disabling coronary limitations continued

throughout 2006 and 2007. However, Magistrate Judge Michelson's detailed report of plaintiff's medical history contains information regarding plaintiff's coronary condition in 2006 and 2007. (Report, pgs. 5-9.) In addition, Magistrate Judge Michelson's analysis of plaintiff's residual functional capacity includes a discussion of the reports of plaintiff's December 24, 2005 x-rays and an October 14, 2006 exam performed by Dr. Punnam. (Report, p. 24.) Moreover, the residual functional capacity assessment prepared by Dr. Dolanski finds plaintiff should avoid extreme cold, extreme heat, humidity, and hazards as they "may adversely affect claimant's cardiac status." The court fails to see the error in Magistrate Judge Michelson's report and recommendation.

Fifth, plaintiff argues the report failed to note the entire history of plaintiff's rectal fistula. The report notes that Dr. Zainca's January 3, 2007 office visit showed that plaintiff "has some issues with continence" and "has issues with postdefecatory seepage." The January 3, 2007 record does not report any physical limitations due to these issues, as noted by Magistrate Judge Michelson. Plaintiff cites to his testimony that he was unable to sit comfortably for a year after his 2006 surgery. Plaintiff therefore argues the residual functional capacity adopted by the ALJ of being able to sit six hours in an eight hour day with no limitation in the amount of time plaintiff can sit at one particular time is not supported by substantial evidence in the record. However, the residual functional capacity adopted by the ALJ mimics the residual functional capacity assessment prepared by Dr. Dolanski. Dolanski noted continuing pain from the rectal fistula surgery and found that plaintiff could sit for a total of six hours in an eight hour workday and recommended a maximum of four hours of standing/walking in an eight hour workday. In addition, the ALJ found plaintiff's statements concerning the intensity, persistence, and limiting effects of his

symptoms not credible to the extent they are inconsistent with the residual functional capacity adopted. The ALJ thoroughly analyzed the medical evidence and evidence regarding plaintiff's activities in doing so. The court agrees with Magistrate Judge Michelson's decision that substantial evidence supports the ALJ's residual functional capacity finding.

Based on the above, the court overrules plaintiff's objections and adopts Magistrate Judge Michelson's report and recommendation. Plaintiff's complaint is hereby DISMISSED.

SO ORDERED.

Dated: July 24, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 24, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---